SEDGWICK LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
stephanie.sheridan@sedgwicklaw.com
ANTHONY J. ANSCOMBE, State Bar No. 135883
anthony.anscombe@sedgwicklaw.com
MEEGAN B. BROOKS, State Bar No. 298570
meegan.brooks@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900/Facsimile: 415.781.2635

Attorneys for Defendant
STEIN MART, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN SPERLING, an individual; individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>STEIN MART, INC.,<br><br>DEFENDANT. | Case No. 5:15-cv-01411-BRO-KK<br>[DISCOVERY MATTER]<br><br>Assigned to: Judge Beverly Reid O'Connell<br>Referred to: Magistrate Judge Kenly Kiya Kato<br><br>**NOTICE OF MOTION AND MOTION TO COMPEL RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE AND INTERROGATORIES, SET ONE [COURT SCHEDULING ORDER ATTACHED HERETO AS EXHIBIT A]**<br><br>Hearing Date: 12/22/16<br>Time: 10:00 a.m.<br>Courtroom: Riverside, Courtroom 3 or 4<br>Discovery Cut Off: 9/4/17<br>Pre-trial Conference: 10/16/2017<br>Trial Date: 11/14/2017 at 8:30 AM |

84029171v2

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

**TO THE COURT AND ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 22, 2016 at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 3 or 4 of the of the above-entitled Court, at 3420 12th St, Riverside, CA 92501, Defendant Stein Mart, Inc. ("Stein Mart") will and hereby does move for an order compelling Plaintiff Marilyn Sperling's ("Plaintiff") to respond or further respond to Defendant's First Set of Interrogatories and First Set of Requests for Production of Documents.

This motion is made pursuant to Rule 37 of the Federal Rules of Civil Procedure ("FRCP"). The motion is made following conference of counsel pursuant to Local Rule 37-1, which took place telephonically on September 8, 2016, as well as numerous written, telephone and email exchanges between counsel, including on August 26, 2016; September 21, 2016; October 4, 2016; October 7, 2016; and October 14-19, 2016.

The Motion is based on this Notice of Motion, Stein Mart's portion of the Joint Stipulation in support of the Motion, the Proposed Order submitted herewith, the pleadings and documents on file with this Court, and such other arguments as may be presented at the hearing on the Motion or in other papers filed in support of the Motion.

The Motion is opposed by Plaintiff, and in connection with such opposition, Plaintiff has completed her portion of the Joint Stipulation.

Pursuant to Local Rule 37-2.1, a copy of the Court's Scheduling Order in this case is attached hereto as Exhibit A.

DATED: December 1, 2016        SEDGWICK LLP

By: /s/ *Stephanie Sheridan*
    Stephanie Sheridan
    Attorneys for Defendant
    STEIN MART, INC.

84029171v2

DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

# Exhibit A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARILYN SPERLING, <br><br> Plaintiff[s], <br><br> v. <br><br> STEIN MART, INC., <br><br> Defendant[s]. | Case No. ED CV 15-01411 BRO (KKx) <br><br> **ORDER FOR CIVIL JURY TRIAL** <br><br> **SEE LAST PAGE FOR PRETRIAL AND TRIAL DATES** |

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:**

**I.    E-FILING REQUIREMENTS**

One (1) mandatory paper Chambers copy of all e-filed motion, opposition reply documents and trial documents must be delivered to Judge O'Connell's box, on the Spring Street floor of the United States District Court, located at 312 N. Spring St., Los Angeles, by noon on the day after e-filing.  The Court requires ONE mandatory chambers copy of **only** the following filed documents: initiating documents, all motions and related documents and exhibits and, all trial documents.  DO NOT provide blue backs on the mandatory chambers copy.  Unless otherwise ordered, proposed orders are **not necessary** for the following motions: motions for

1

Rev.4.2016

summary judgment, motions to dismiss, motions for attorney's fees, motions to strike, motions for judgments on the pleadings, motions for default judgment, motions for class certification, motions for remand, motions for preliminary injunction, motions for reconsideration, and motions in limine. Documents will not be considered until the Chambers copy is submitted. Please attach the NEF to the Chambers copy. Courtesy copies **DO NOT** need to be blue-backed. Chambers copies delivered by Federal Express should not require the signature of the recipient.

## II. SCHEDULING

### A. In General

All motions to join other parties or to amend the pleadings shall be filed and served by the cut-off date specified in the Scheduling Order if not specified by the Rules of Civil Procedure and the applicable Local Rules.

### B. Motions for Summary Judgment or Partial Summary Judgment

Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in no event later than forty-nine (49) days before the motion cut-off date.

### C. Discovery Cut-Off

The Court has established a cut-off date for discovery in this action. All discovery shall be completed by the discovery cut-off date specified in the Scheduling Order. **This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.**

In an effort to provide further guidance to the parties, the Court notes the following:

1. Depositions

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior to the cut-off date.

2

Rev.4.2016

### 2. Written Discovery

All interrogatories, requests for production of documents, and requests for admission shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

### 3. Discovery Motions

Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable, and professional manner. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California in July 1995, which can be found on the Court's website under "Attorney Information > Attorney Admissions."

Discovery matters are referred to a United States Magistrate Judge. **Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.**

Consistent resort to the Court for guidance in discovery is unnecessary and will result in the appointment of a Special Master at the joint expense of the parties to resolve discovery disputes.

### 4. Expert Discovery

Expert discovery is to be concluded by the discovery cut-off date. Accordingly, the initial disclosure of expert witnesses in full compliance with the Federal Rules of Civil Procedure is ordered no later than seventy (70) days before the discovery cut-off. Counter-designations of rebuttal experts in full compliance with the Federal Rules of Civil Procedure are to be made thirty (30) days after the other party's disclosure.

3

Rev.4.2016

D.   **Mandatory Settlement Conference** (ADR proceedings)

Pursuant to Local Rule 16-15, the parties in every case must select a settlement procedure.  The final meeting with the parties' settlement officer must take place no later than four weeks before the Final Pretrial Conference.  Counsel shall file a Joint Report regarding the outcome of settlement discussions, the likelihood of possible further discussions, and any help the Court may provide with regard to settlement negotiations not later than seven (7) days after the settlement conference.

III.   **FINAL PRE-TRIAL CONFERENCE ("PTC")**

This case will be placed on calendar for a Final Pre-Trial Conference pursuant to Federal Rules of Civil Procedure 16 and 26.  Unless excused for good cause, each party appearing in this action shall be represented at the Final Pre-Trial Conference, and all pre-trial meetings of counsel shall be attended by the attorney who is to have charge of the conduct of the trial on behalf of such party.

*Pro Per* parties, or litigants representing themselves, are not exempt from following Federal Rule of Civil Procedure 16.

STRICT COMPLIANCE WITH THE REQUIREMENT OF FEDERAL RULE OF CIVIL PROCEDURE 26 AND LOCAL RULES IS REQUIRED BY THE COURT.  Therefore, carefully prepared Memoranda of Contentions of Fact and Law, a Joint Witness List, and a Joint Exhibit List shall be submitted to the Court.  The Joint Witness List shall contain a brief statement of the testimony for each witness, **what makes the testimony unique** from any other witness testimony, and the time estimate for such testimony.  The Joint Exhibit List shall contain any objections to authenticity and/or admissibility to the exhibit(s) and the reasons for the objections.  Please adhere to the template provided in the following link: Joint Exhibit List Template.

The Memoranda of Contentions of Fact and Law, Witness List, and Exhibit List are due fourteen (14) days before the Final Pre-Trial Conference.  **The parties**

4

shall provide an electronic copy of the Memoranda of Contentions of Fact and Law, Witness List and Exhibit List in Microsoft Word (.doc or .docx) format to the Judge's Chambers' Email at BRO_Chambers@cacd.uscourts.gov. The parties shall provide hyperlinks to case citations and/or evidence.

IV. **FINAL PRE-TRIAL CONFERENCE ORDER ("PTCO")**

The proposed PTCO shall be lodged fourteen (14) calendar days before the Pretrial Conference ("PTC"). Adherence to this time requirement is necessary for in-Chambers preparation of the matter. The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following: PTCO Template.

A. Place in "all caps" and in "bold" the separately numbered headings for each category in the PTCO (e.g., **"1. THE PARTIES"** or **"7. CLAIMS AND DEFENSES OF THE PARTIES"**).

B. Include a table of contents at the beginning.

C. In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, e.g., "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed." Also, in multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, please specify to which party each claim or counterclaim is directed.

D. In specifying the parties' claims and defenses under section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.

E. In drafting the PTCO, the Court also expects that the parties will attempt to agree on and set forth as many non-contested facts as possible. The Court will typically read the uncontested facts to the jury at the end of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

F. In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues.

5

Rev.4.2016

The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

  G. Issues of law should state legal issues on which the Court will be required to rule during the trial and should not list ultimate fact issues to be submitted to the trier of fact.

  **The parties shall provide an electronic copy of the PTCO in Microsoft Word format to the Judge's Chambers' Email at: BRO_Chambers@cacd.uscourts.gov.**

## V. TRIAL PREPARATION FOR COURT TRIAL – MOTIONS, FINDINGS OF FACT, AND EXHIBITS

### A. Motions *in Limine*

All motions *in limine* must be filed and served a minimum of twenty-eight (28) days prior to the scheduled hearing on Motions *in Limine* date (typically two weeks before the scheduled trial date, as set forth in the attached schedule). Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty-one (21) days prior to the scheduled hearing on Motions *in Limine* date. All reply documents must be filed and served at least fourteen (14) days prior to the scheduled hearing date. **Counsel may file no more than five motions *in limine* per side. The motions *in limine* shall not include subparts.**

All motions *in limine* will be ruled upon on or before the scheduled trial date.

### B. Jury Instructions/Special Verdict Forms

Thirty-five (35) days before the hearing on Disputed Jury Instructions (as set forth in the attached schedule), plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms on defendant. Twenty-eight (28) days before the hearing, defendant shall serve on plaintiff defendant's objections to plaintiff's instructions together with any additional instructions defendant intends to offer. Twenty-one (21) days before the hearing, plaintiff shall serve on defendant

6

Rev.4.2016

Case 5:15-cv-01411-AB-KK Document 60 Filed 12/01/16 Page 10 of 19 Page ID #:1172
Case 5:15-cv-01411-BRO-KK Document 56 Filed 06/20/16 Page 7 of 16 Page ID #:1108

plaintiff's objections to defendant's instructions. Twenty-one (21) days before the hearing, counsel are ordered to meet and confer to attempt to come to agreement on the proposed jury instructions. The parties shall make every attempt to agree upon the jury instructions before submitting them to the Court. It is expected that counsel will agree on the substantial majority of jury instructions.

Fourteen (14) days before the hearing, the parties must submit JOINT jury instructions and a JOINT proposed verdict form. Where the parties cannot agree, disputed instructions shall be submitted fourteen (14) days before the hearing as follows: a) JOINT jury instructions (those instructions agreed to by all parties), and b) DISPUTED jury instructions (those instructions propounded by a party to which another party objects). On a separate page following each disputed jury instruction, the party opposing the instruction shall briefly state the basis for the objection and any authority in support thereof. On the following page, the party proposing the disputed instruction shall briefly state its response to the objection and any authority in support of the instruction. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction. If the parties dispute a jury instruction regarding the same issue and each proposes an alternate instruction, the parties should place the instructions side by side with the same number denoted "A" and "B" and include these instructions in the plaintiff's proposed disputed set of instructions. **Please follow the format shown in the attached links:**

    **Joint Proposed Jury Instructions**
    **Disputed Proposed Jury Instructions (Plaintiff's Template)**
    **Disputed Proposed Jury Instructions (Defendant's Template)**

Jury instructions should be modified as necessary to fit the facts of the case (e.g., inserting names of the defendant(s) to whom the instruction applies). Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. Where no applicable

7

Rev.4.2016

Ninth Circuit model instruction is available, counsel are directed to use the instructions from O'Malley, Grenig & Lee (formerly Devitt et al.), Federal Jury Practice and Instructions (West Publishing Co., current edition).

Modifications of instructions from the foregoing sources (or any other form instructions) must be redlined (or saved in "Track Changes") and specifically state the modification made to the original form instruction and the authority supporting the modification.

An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

    a. The number of the instruction;
    b. A brief title of the instruction;
    c. The source of the instruction; and
    d. The page number of the instruction.

**Please follow the format shown in the attached link for an example: Jury Instructions Index Template.**

The parties are to forward via email the Joint Jury Instructions and the Disputed Instructions to the Judge's Chambers' Email at BRO_Chambers@cacd.uscourts.gov in Word format.

One or more copies of the instructions will be given to the jury during deliberations in either hard copy or electronic format. Accordingly, via email, counsel shall include a "clean" set of all instructions in Word format, containing only the text of each instruction, set forth in full on each page, with the caption "Court's Instruction No. ___" (eliminating titles, supporting authority, indication of party proposing, etc.). **Please follow the format shown in the attached links:**

    **Joint Proposed Jury Instructions**
    **Disputed Proposed Jury Instructions (Plaintiff's Template)**
    **Disputed Proposed Jury Instructions (Defendant's Template)**

8

1  If counsel wish to submit a written questionnaire to prospective jurors, a
2  motion shall be made in writing, with the proposed questionnaire attached, no later
3  than eight weeks before the trial date.  The Court does not routinely use
4  questionnaires.  Counsel should attempt to discuss this issue and reach a proposed
5  agreement before submitting the motion to the Court.
6  At least twenty-eight days before trial, each counsel must file with the CRD
7  and serve on opposing counsel any proposed voir dire questions to be asked of
8  prospective jurors.  Counsel shall also file a Joint Statement of the Case, which the
9  Court will read to prospective jurors prior to the commencement of voir dire.  The
10 statement shall not exceed one page.  These documents should also be emailed
11 electronically as a Word Document. (.doc or .docx) to the Judge's Chambers' Email
12 at **BRO_Chambers@cacd.uscourts.gov.**
13 During the trial and before argument, the Court will meet with counsel and
14 settle the instructions.  Strict adherence to time requirements is necessary for the
15 Court to examine the submissions in advance so that there will be no delay in starting
16 the jury trial.  **Failure of counsel to strictly follow the provisions of this section**
17 **may subject the non-complying party and/or its attorney to sanctions and**
18 **SHALL CONSTITUTE A WAIVER OF JURY TRIAL in all civil cases.**
19    **C.    Deposition Designations**
20 Six (6) weeks before trial, the parties shall serve each other with any
21 deposition designations.  Four (4) weeks before trial, the parties shall serve each
22 other with any objections to deposition designations and any counter-designations.
23 Thirteen (13) days before trial (the Wednesday before the Hearing on Disputed Jury
24 Instructions), the parties must submit a **Joint Deposition Designation Submission**
25 to the Court.  The parties shall make every attempt to agree upon the deposition
26 designations before submitting them, along with objections, to the Court.  The Court
27 will not accept boilerplate objections to the designations.
28

9

Rev.4.2016

Please follow the format shown in the attached link:

**Joint Deposition Designation Submission**

### D. Trial Exhibits

Counsel are to prepare their joint exhibits for presentation at the trial by placing them in joint binders that are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three-ring binder labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Federal Rules of Civil Procedure 16 and 26, as well as this Court's Local Rules. The Court discourages the use of extra large binders.

The Joint Exhibit list shall indicate which exhibits are objected to, the reason for the objection, and the reason it is admissible. Failure to object will result in a waiver of objection.

The Court requires that the Joint Exhibit List, the Joint Witness List, and the Statement of the Case, all completed in Microsoft Word format (.doc or .docx), be provided to the Courtroom Deputy Clerk on a thumb drive no later than the one week prior to the trial date. The Court requires that all joint exhibits be placed on a USB or "thumb" drive for the Court as indicated below.

The Court uses a jury evidence recording system (JERS) that allows evidence admitted during trial to be viewed electronically in the jury deliberation room upon conclusion of the trial. *See* JERS Information. **JERS ATTORNEY INFORMATION**.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

  1. The <u>original exhibits</u> with the Court's exhibit tags shall be stapled to the front of the exhibit on the upper right-hand corner with the

10

|   |   |   |
|---|---|---|
| | | case number, case name, and exhibit number placed on each tag. Exhibit tags can be obtained from the Clerk's Office, Room G-8, 312 North Spring Street, Los Angeles, CA 90012. |
| | 2. | <u>One bench book</u> with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.) |
| | 3. | Three (3) copies of the exhibit lists. |
| | 4. | Three (3) copies of the witness lists in the order in which the witness may be called to testify. |
| | 5. | Counsel are ordered to submit a **<u>one (1)</u>** page joint statement of the case twenty-eight (28) days before trial that the Court may read to the prospective panel. |
| | 6. | All counsel are to meet no later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits that may be received into evidence at the start of trial. The exhibits to be so received will be noted on the copies of the exhibit lists that are emailed to the Courtroom Deputy Clerk. |
| | 7. | Counsel may, but need not, submit brief proposed voir dire questions for the jury twenty-eight (28) days before the trial. The Court will conduct its own voir dire after considering any proposed voir dire submitted by counsel. |
| | 8. | Any items that have not been admitted into evidence and are left in the courtroom overnight <u>without prior approval</u> will be discarded. |
| | 9. | <u>In most cases, the Court will conduct its initial voir dire of fourteen prospective jurors who will be seated in the jury box. Generally, the Court will select seven or eight jurors.</u> |

11

Rev.4.2016

|     |     |     |
| --- | --- | --- |
| 10. | | Each side will have three peremptory challenges. If fourteen jurors are seated in the box and all six peremptory challenges are exercised, the remaining eight jurors will constitute the panel. If fewer than six peremptory challenges are exercised, the eight jurors in the lowest-numbered seats will be the jury. The Court will not necessarily accept a stipulation to a challenge for cause. If one or more challenges for cause are accepted, and all six peremptory challenges are exercised, the Court may decide to proceed with six or seven jurors. |

## VI. INSTRUCTIONS GOVERNING PROCEDURE DURING TRIAL

1. Counsel shall not refer to any witness—including a client—over 14 years of age by his/her first name during trial.

2. Counsel shall not discuss the law or argue the case in opening statements.

3. The Court will establish <u>reasonable time limits</u> for opening statements and closing arguments and the presentation of their case. The Court strictly enforces the set time limits.

4. Counsel shall not use objections for the purpose of making a speech, recapitulating testimony, or attempting to guide the witness. When objecting, counsel shall stand and state only the legal ground of the objection—e.g., hearsay, irrelevant, or other permissible legal grounds. Counsel shall not argue an objection before the jury. Requests to approach sidebar to argue an objection further should be made sparingly and may not be granted.

5. Counsel shall not make facial expressions, nod, or shake their heads, or comment or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning

12

Rev.4.2016

the testimony of a witness. Counsel shall admonish their clients and witnesses not to engage in such conduct.

6. Counsel should not talk to jurors at all, and should not talk to co-counsel, opposing counsel, witnesses, or clients where the conversation may be overheard by jurors. Each counsel should admonish counsel's own clients and witnesses to avoid such conduct. Counsel should not speak with courthouse personnel regarding the trial, jury deliberations, or where the jury stands. Each counsel should admonish counsel's clients, witnesses, and agents not to engage in such conduct. If any team should inadvertently become aware of jury information, including where the jury stands during deliberations, such information shall not be repeated to anyone without permission of the Court. The parties should immediately notify the Court of such disclosure.

7. Counsel shall question witnesses from the lectern. Counsel shall not approach the witness stand or enter the well without the Court's permission, and counsel shall return to the lectern when counsel's purpose has been accomplished.

8. Counsel should speak clearly when questioning witnesses, making objections, or arguing.

9. No document shall be placed before a witness unless a copy has been provided to the Court. Counsel may consider such devices as overhead projectors, jury notebooks for admitted exhibits, and enlargements of important exhibits. The Court has a Doar presenter and other equipment available for use during trial. Telephone the CRD if you wish to visit when the Court is not in session to practice using the equipment. The Court does not permit exhibits to be "published" by passing them up and down

13

the jury box. Exhibits may be displayed using the screen in the Courtroom, but only if they have been admitted.

10. Water will be provided at counsel table. Water cups are not to be brought to the lectern. No other beverages are permitted in the Courtroom. Food is not permitted in the Courtroom.

11. Counsel shall rise when addressing the Court. In jury trials, counsel and the defendant shall rise when the jury enters or leaves the Courtroom. Special procedures or exceptions may apply when the defendant is in custody or restrained.

12. In trial, all remarks shall be addressed to the Court. Counsel shall not directly address the CRD, the court reporter, or opposing counsel. All requests for re-reading of questions or answers, or to have an exhibit placed in front of a witness, shall be addressed to the Court.

13. Counsel should not offer a stipulation without having conferred with opposing counsel and having reached an agreement. Any stipulation of fact will require defendant's personal concurrence and shall be submitted to the Court in writing for approval. A proposed stipulation should be explained to defendant in advance.

14. While the Court is in session, counsel, including anyone sitting at counsel table, shall not leave counsel table to confer with investigators, secretaries, or witnesses unless permission is granted in advance.

15. Counsel should not walk out of the courtroom while the Court is in session without permission.

16. When a party has more than one lawyer, only one lawyer may conduct the examination of a given witness, and only that same

14

Rev.4.2016

lawyer may assert or oppose objections during the testimony of that witness.

17. If a witness was on the witness stand at a recess or adjournment, counsel who called the witness shall ensure the witness is back on the witness stand and ready to proceed when court resumes.

18. Counsel are directed to have witnesses available throughout the court day. If no witnesses are available and there is more than a brief delay, the Court may deem counsel to have rested.

19. The Court attempts to cooperate with expert witnesses and other professionals and will, except in extraordinary circumstances, accommodate them by permitting them to be called out of sequence. Counsel are urged to anticipate any such possibility and to discuss it with opposing counsel. If there is an objection, counsel shall confer with the Court in advance.

20. Counsel must notify the CRD in advance if any witness should be accommodated based on the Americans with Disabilities Act or for other reasons.

21. Counsel are advised to be on time, as the Court makes every effort to start promptly.

**IT IS HEREBY ORDERED**

Dated: June 20, 2016

HONORABLE BEVERLY REID O'CONNELL
UNITED STATES DISTRICT COURT JUDGE

15

Rev.4.2016

# JUDGE BEVERLY REID O'CONNELL
## SCHEDULE OF TRIAL AND PRETRIAL DATES

| Matter | Time | Weeks before trial | Plaintiff(s) (Request) | Defendant(s) (Request) | Court Order |
|---|---|---|---|---|---|
| **Trial (jury)** Estimated length: ____ hours | 8:30 am | | | | 11/14/2017 |
| **Hearing on Disputed Jury Instructions** | 1:30 pm | -1 | | | 11/6/2017 |
| **File Joint Deposition Designation Submission and lodge pertinent depositions transcript** | | 13 days | | | 11/01/2017 |
| **Hearing on Motions in Limine** | 1:30 pm | -2 | | | 10/30/2017 |
| **Joint jury instructions; disputed jury instructions to be filed and emailed to chambers in Word.** | | -3 | | | 10/23/2017 |
| **Pretrial Conference; Proposed Voir Dire Q.s. Lodged; file Agreed-to Statement of Case; File Agreed Verdict Forms; Exchange objections/response to deposition designations** | 3:00 pm | -4 | | | 10/16/2017 |
| **Motions in Limine to be filed** | | -6 | | | 10/2/2017 |
| **Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit & Witness Lists; Exchange deposition designations** | | -6 | | | 10/2/2017 |
| **Last date to file Joint Report re ADR proceeding** | | -7 | | | 9/25/2017 |
| **Last date to conduct ADR proceeding** | | -8 | | | 9/18/2017 |
| **Last day for hearing motions** [Note: The court requires 49 days notice for a Motion for Summary Judgment.] | 1:30 pm | -9 | | | 9/11/2017 |
| **Discovery cut-off** [Note: Expert disclosure no later than 70 days prior to this date.] | | -10 | | | 9/4/2017 |
| **Last to Amend Pleadings or Add Parties (90 days after Scheduling Conference)** | | | | | 9/20/2016 |

16

Rev.4.2016