Douglas Caiafa, Esq. (SBN 107747)
DOUGLAS CAIAFA, A Professional Law Corporation
11845 West Olympic Boulevard, Suite 1245
Los Angeles, California 90064
(310) 444-5240 - phone; (310) 312-8260 - fax
Email: dcaiafa@caiafalaw.com

Christopher J. Morosoff, Esq. (SBN 200465)
LAW OFFICE OF CHRISTOPHER J. MOROSOFF
77-760 Country Club Drive, Suite G
Palm Desert, California 92211
(760) 469-5986 - phone; (760) 345-1581 - fax
Email: cjmorosoff@morosofflaw.com

Attorneys for Plaintiff MARILYN SPERLING

SEDGWICK LLP
STEPHANIE A. SHERIDAN, State Bar No. 135910
stephanie.sheridan@sedgwicklaw.com
ANTHONY J. ANSCOMBE, State Bar No. 135883
anthony.anscombe@sedgwicklaw.com
MEEGAN B. BROOKS, State Bar No. 298570
meegan.brooks@sedgwicklaw.com
333 Bush Street, 30th Floor
San Francisco, CA 94104-2834
Telephone: 415.781.7900/Facsimile: 415.781.2635

Attorneys for Defendant STEIN MART, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN SPERLING, an individual; individually and on behalf of all others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>STEIN MART, INC.,<br><br>DEFENDANT. | Case No. 5:15-cv-01411-BRO-KK<br>[DISCOVERY MATTER]<br><br>Judge Beverly Reid O'Connell<br>Magistrate Judge Kenly Kiya Kato<br><br>**JOINT STIPULATION TO COMPEL FURTHER RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES**<br><br>Hearing Date: 12/22/16<br>Time: 10:00 a.m.<br>Courtroom: Riverside, Courtroom 3 or 4<br>Discovery Cut Off: 9/4/17<br>Pre-trial Conference: 10/16/2017<br>Trial Date: 11/14/2017 at 8:30 AM |

# TABLE OF CONTENTS

Page

I. INTRODUCTORY STATEMENTS ................................................................. 1
    1. Defendant's Introductory Statement ....................................................... 1
    2. Plaintiff's Introductory Statement .......................................................... 2

II. ITEMS IN DISPUTE ....................................................................................... 3
    1. Plaintiff's Responses to Stein Mart's Interrogatories, Set One ............. 3
        a. Interrogatory 3 ................................................................................. 3
        b. Interrogatory 9 ................................................................................. 4
        c. Interrogatory 11 ............................................................................... 6
    2. Plaintiff's Responses to Stein Mart's Production of Documents (RFP), Set One ..................................................................................... 7
        a. RFP No. 9 ........................................................................................ 7

# TABLE OF AUTHORITIES

Page

## **CASES**

*A. Farber and Partners, Inc. v. Garber*
   F.R.D. 186 (C.D. Cal. 2006) ........................................................................... 10

*CEH, Inc., v. FV "Seafarer"*
   153 F.R.D. 491 (D.R.I.1994) ........................................................................... 11

*Cory v. George Carden Int'l Circus, Inc.*
   No. 4-13-CV-760, 2015 WL 11072152 (E.D. Tex. Dec. 18, 2015) ............. 11

*Del Campo v. Am. Corrective Counseling Servs., Inc.*
   No. C 01-21151 JW, 2008 WL 4858502 (N.D. Cal. Nov. 10, 2008) ........... 11

*Duran v. Cisco Sys., Inc.*
   258 F.R.D. 375 (C.D. Cal. 2009) ..................................................................... 2

*In re Heritage Bond Litigation*
   2004 WL 1970058 n. 12 (C.D.Cal.) ............................................................... 10

*In re Toys R Us–Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*
   2010 WL 4942645 (C.D.Cal.2010) .................................................................. 1

*In re Yassi*
   225 B.R. 478 (Bankr.C.D.Cal.1998) .............................................................. 11

*Nacht & Lewis Architects, Inc.* v. *Superior-Court of Sacramento County*
   (1996) 47 Cal. App.4th 214 .............................................................................. 8

*Stokes v. Petroleum Helicopters*
   No. CIV. A. 97-0508, 1998 WL 313733 (E.D. La. June 12, 1998) ................ 9

*Surfvivor Media, Inc. v. Survivor Prods.*
   406 F.3d 625 (9th Cir.2005) ............................................................................. 1

*Walker v. Lakewood Condo. Owners Ass'n.*
   186 F.R.D. 584 (C.D. Cal. 1999) ..................................................................... 2

## **STATUTES**

Federal Rules of Civil Procedure, Rule 26(b)(1) ....................................................... 1

Pursuant to Local Rule 37-1, the parties met and conferred by written correspondence and a telephonic meeting on September 8, 2016. To date, none of the discovery disputes, addressed more fully below, have been resolved.

Accordingly, pursuant to Local Rule 37-2.1, the parties hereby submit this Joint Stipulation in support of Defendant Stein Mart Inc.'s ("Defendant" or "Stein Mart") motion to compel Plaintiff Marilyn Sperling's ("Plaintiff") responses and/or further responses to discovery regarding the following disputed issues.

## I.     INTRODUCTORY STATEMENTS

### 1.     Defendant's Introductory Statement

Stein Mart propounded discovery requests on Plaintiff five months ago, yet has struggled to obtain basic discovery responses. Plaintiff chose to put her shopping history—and especially her purchasing history at Stein Mart—at issue by bringing this lawsuit, but has failed to provide basic information concerning these topics. Plaintiff has also failed to provide the most rudimentary information about herself or her claims.

Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *In re Toys R Us–Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.,* 2010 WL 4942645, *1 (C.D.Cal.2010); *see also Surfvivor Media, Inc. v. Survivor Prods.,* 406 F.3d 625, 635 (9th Cir.2005) ("Litigants may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence.") (internal quotation marks and citations omitted).

1  Each of Stein Mart's requests calls for relevant information, and Plaintiff's
2  boilerplate objections have not satisfied her burden to respond to Stein Mart's
3  requests.  *See, e.g., Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 379-80 (C.D. Cal.
4  2009) ("unexplained and unsupported boilerplate objections are improper"); *Walker*
5  *v. Lakewood Condo. Owners Ass'n.*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)
6  ("Boilerplate, generalized objections are inadequate and tantamount to not making
7  any objection at all."). Accordingly, Plaintiff is obligated to provide the requested
8  information.

9  Stein Mart served its Interrogatories and Requests for Production of
10 Documents on Plaintiff on June 7, 2016. Plaintiff served her responses on August 1,
11 2016. Stein Mart's counsel sent Plaintiff's counsel a meet and confer letter on
12 August 26, 2016, and the Parties held a telephonic conference on September 8,
13 2016. Stein Mart's counsel sent Plaintiff's counsel a follow-up letter on September
14 21, 2016. On October 7, 2016, Plaintiff served supplemental responses.

15 As described below, Plaintiff still has not provided relevant information or
16 documents in response to several of Stein Mart's requests. Defendant has no choice
17 but to bring the instant motion to compel further responses to Interrogatories, Set
18 One, and Request for Production of Documents, Set One.

19 **2.     Plaintiff's Introductory Statement**

20 Defendant's description of the discovery history between the parties is
21 factually untrue and defies reason. Plaintiff has fully cooperated in discovery,
22 responded fully to all appropriate interrogatories and document demands to the best
23 of her current ability, even when such discovery requests are oppressive,
24 burdensome, irrelevant and a violation of privacy. Plaintiff has repeatedly met and
25 conferred with Defendant's various counsel and has supplemented discovery
26 responses when she was able.

27 Defendant served 12 Interrogatories (all of which are extremely compound
28 (e.g. #2)), 7 Requests for Admissions and 17 Document demands. Of all the

discovery served by Defendant, only 3 Interrogatories remain in dispute, 1 Request for Production of Documents and no Requests for Admissions. Moreover, and as detailed below, Plaintiff has fully complied with all of her discovery obligations in responding to Defendant and Plaintiff views this motion to compel as pure harassment.

## II. ITEMS IN DISPUTE

### 1. Plaintiff's Responses to Stein Mart's Interrogatories, Set One

#### a. Interrogatory 3

Identify all ISPs (Internet Service Providers), email accounts, Internet Protocol (IP) addresses, and phone numbers you have used in the last six years.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 3**

Objection: Violates Responding Party's rights of privacy. Without waiving the above objections, Responding Party may be contacted through her counsel.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**

Without waiving objections, Responding Party Supplements her original response as follows: None.

**DEFENDANT'S POSITION REGARDING INSUFFICIENCY OF RESPONSE**

On October 14, 2016, Counsel for Stein Mart asked Plaintiff's counsel for clarification as to whether Plaintiff's supplemental response of "None" meant that Plaintiff was not providing a supplemental response as to this request, or, alternatively, whether the requested information does not exist—that is, that Plaintiff is responding that she has not "used" *any* ISPs (Internet Service Providers), email accounts, Internet Protocol (IP) addresses, or phone numbers in the last six years.

On October 18, 2016, Plaintiff's counsel responded that the response had the latter meaning, "except with respect to telephone number." Plaintiff has not further supplemented her response to clarify that the "None" did not apply to Plaintiff's

phone number. Nor has Plaintiff supplemented her response to provide her telephone number.

As with the information requested in Interrogatory No. 2, Plaintiff's current and past phone numbers are basic background information that could lead to admissible evidence. Here, Plaintiff's phone number is especially important, given that Plaintiff apparently does not have an email address, IP address, or ISP. Thus, any communications Plaintiff has had with Stein Mart would likely be reflected in her phone records. Plaintiff's phone records would also show how regularly Plaintiff speaks with her daughter, which could be relevant to Plaintiff's understanding of "*Compare At" and her adequacy as a class representative.

Additionally, many retailers use the customer's phone number to open a loyalty program account in that customer's name. As mentioned above, there is a member of Stein Mart's loyalty program named "Marilyn Sperling," who has a Southern California address. If there is another person with the same name joining the loyalty programs of Southern California retailers, then Plaintiff's phone number may be crucial to determining whether a "Marilyn Sperling" in any specific retailer's program is in fact Plaintiff.

**PLAINTIFF'S POSITION REGARDING SUFFICIENCY OF RESPONSE**

Plaintiff's phone records are subject to privacy objections and are not calculated to lead to the discovery of admissible evidence. Even if one assumed Plaintiff speaks with her daughter on a regular basis, such fact has no relevance to Plaintiff's understanding of "*Compare At" or as to her adequacy as a class representative.

    **b.**    **Interrogatory 9**

Identify all retailers with whom you have, in the last six years, been a member of a rewards program or loyalty program, had a store credit or debit card, or been enrolled in the retailer's mail or email list (together, "memberships"); the dates of

any such memberships; and any user or account numbers associated with such memberships.

**PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 9**

Responding Party hereby incorporates all above objections herein by reference. Without waiving the above objections, and to the best of her recollection: Macy's (credit card), Nordstrom (credit card & rewards program), Kohl's (credit card).

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**

Without waiving objections, Responding Party Supplements her original response as follows: Responding Party was able to locate credit card statements from Macy's and Nordstrom's Visa during various time periods, redacted copies of which will be marked "Confidential" and produced.

**DEFENDANT'S POSITION REGARDING INSUFFICIENCY OF RESPONSE**

Plaintiff's response is silent as to whether Plaintiff is enrolled in any retailers' loyalty programs (other than Nordstrom), or on any retailers' mail or email lists. Plaintiff also does not provide the dates of her memberships or account numbers, each of which may be required for obtaining records of those memberships.

Plaintiff's credit card information, loyalty program information, and mailing list information will reflect directly on Plaintiff's shopping habits, which she has put into issue by bringing this case.  As discussed further below (*see* Request for Production No. 9), this information is relevant to the case and is not privileged, and any privacy concerns would be protected by the Parties' agreed-upon Protective Order.

**PLAINTIFF'S POSITION REGARDING SUFFICIENCY OF RESPONSE**

Each and every interrogatory, including this one, is compound and complex and objectionable on that basis, which objection was raised originally to this and every such compound and complex interrogatory.

1    The interrogatory requests Plaintiff to "identify all retailers with whom you
2 have, in the last six years, been a member of a rewards program or loyalty program,
3 had a store credit or debit card, or been enrolled in the retailer's mail or email list
4 (together, "memberships")." Her response does that.
5    Plaintiff has produced all documents she had in her possession, custody or
6 control reflecting the above information and does not recall any other information
7 such as account numbers and dates of memberships.

        **c.**    **Interrogatory 11**

9    For every item you have ever purchased at Stein Mart and every instance
10 where you have purchased that product, identify the date of purchase, store location,
11 product name, brand name, SKU number, "*Compare At" price, ticket price, any
12 additional discounts or coupons that applied, method of payment (if credit card, state
13 the credit card number), and description of the product.

14 **PLAINTIFF'S RESPONSE TO INTERROGATORY NO. 11**

15    Without waiving any of the above objection: All of Responding Party's
16 purchases at Stein Mart, to the best of her recollection, were made at the La Quinta
17 location and she believes she has purchased items from the Defendant on
18 approximately 20 occasions comprised primarily of clothing, shoes and luggage.
19 Responding Party recalls purchases specifically on September 14, 2014. She either
20 paid cash or her Visa Card for these purchases. See, Third Amended Complaint-
21 paragraph nos. 138-155 which describe in detail several of plaintiffs purchases.

22 **PLAINTIFF'S SUPPLEMENTAL RESPONSE**

23    Without waiving any objections: Responding Party has no additional
24 information at this time.

25 **DEFENDANT'S POSITION REGARDING INSUFFICIENCY OF**
26 **RESPONSE**

27    This information is relevant to this case and how Plaintiff interprets Stein
28 Mart's pricing, and yet Plaintiff does not provide any of the requested information

aside from what is in the Third Amended Complaint (notably, even the TAC does not include enough detail about Plaintiff's Yellow Box shoes purchase to fully respond to this Request). Plaintiff admits to having made purchases at Stein Mart on more than 20 occasions. She is required to provide the requested information concerning each of the items she purchased in those 20 purchases.

During our 37-1 conference, Plaintiff's counsel agreed to provide more information in response to this request. Plaintiff's supplemental response that she "has no additional information at this time" is inadequate. Plaintiff's shopping history at Stein Mart is highly relevant to how Plaintiff understands Stein Mart's pricing, and what expectations she may have had about Stein Mart merchandise. For example, if Plaintiff regularly purchases Stein Mart exclusive products, then that information would contradict Plaintiff's claim to have purchased the Peck & Peck pants out of reliance on a belief that the pants were sold at other retailers. If Plaintiff's memory is so poor that she is unable to identify any items she has purchased from Stein Mart in the past, then that would also be relevant to her adequacy as a class representative.

**PLAINTIFF'S POSITION REGARDING SUFFICIENCY OF RESPONSE**

Plaintiff is required to provide the requested information only to the extent that she is aware of it or has such information or documentation within her possession, custody or control; and she has done so. Moreover, during the 37-1 conference, Plaintiff's counsel agreed to use his best efforts to discover any additional information relevant to this request and has provided all such information.

    **2.**    **Plaintiff's Responses to Stein Mart's Production of Documents (RFP), Set One**

        **a.**    **RFP No. 9**

A copy of each of YOUR credit card statements from the last four years for any credit card YOU held at any point during that period.

**PLAINTIFF'S RESPONSE TO RFP NO. 9**

Plaintiff objects to this request on the following grounds: (1) it is over broad, burdensome, oppressive, overly intrusive and harassing, and complying with it would cause Plaintiff undue annoyance; (2) it encompasses documents, the production of which would violate Plaintiffs right to privacy and/or the privacy rights of third parties; (3) it encompasses documents which are neither relevant; admissible, nor reasonably calculated to lead to the discovery of admissible evidence; (4) it encompasses documents which are protected from disclosure by the attorney work-product doctrine as specified *in Nacht & Lewis Architects, Inc.* v. *Superior-Court of Sacramento County* (1996) 47 Cal. App.4th 214; (5) it seeks documents which are equally available to the Defendant and/or are within the exclusive possession, custody or control of the Defendant; (6) it seeks documents which are obtainable by Defendant from some other source which is more convenient, less burdensome, and/or less expensive; (7) it encompasses documents which are protected from disclosure by the attorney-client privilege; and, (8) it is compound.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce redacted credit card statements that relate to any of her purchases at Stein Mart during the class period.

**PLAINTIFF'S SUPPLEMENTAL RESPONSE**

Without waiving the above objections, Plaintiff will produce documents marked "Confidential" which are redacted credit card statements during various time periods she was able to locate for purchases at Macy's and on her Nordstrom Visa card.

///
///
///

**DEFENDANT'S POSITION REGARDING INSUFFICIENCY OF RESPONSE**

Plaintiff has provided no records of places where she shopped during the five years before the purchases at issue, and very few records showing places where she has shopped (other than Macy's) since then.

On October 7, 2016, Plaintiff produced credit card statements for her Nordstrom credit card from 2007 and 2008. Plaintiff also produced some but not all Macy's credit card statements from the period of June 2015 until October 2016 (she did not produce the statements listing a payment due date in March, May, August, or September, 2016). The Macy's statements show very few purchases from retailers other than Macy's. Plaintiff has not produced any records from the Kohl's credit card mentioned in Plaintiff's response to Interrogatory 9. Plaintiff has not produced statements showing Plaintiff's November 14, 2014 purchase (when she allegedly bought the Revelation travel bag), or showing her purchase of the Yellow Box shoes (she still as not disclosed the date of that purchase).

Plaintiff has put her shopping habits at issue by claiming that she was deceived by "*Compare At," and that she would not have purchased the products at issue absent that representation. Plaintiff's credit card statements from the years immediately before her purchase will provide Stein Mart with a direct and discrete list of places where she spent money around the time of the purchases at issue—this information is directly relevant to how she would have interpreted Stein Mart's "*Compare At" pricing, and whether or how Plaintiff's shopping habits changed after she learned the meaning of "*Compare At" pricing. *Stokes v. Petroleum Helicopters*, No. CIV. A. 97-0508, 1998 WL 313733, at *2 (E.D. La. June 12, 1998) ("The credit card statements are therefore discoverable if they are relevant to the general subject matter of this case and are likely to lead to the discovery of admissible evidence."). Indeed, Plaintiff's credit card statements from 2007 and 2008 show that during that period, Plaintiff made 43 purchases at Stein Mart,

T.J.Maxx, Marshall's, and HomeGoods—each of which uses "Compare At" pricing—plus 20 returns at the same stores. Each of these retailers has signs posted at the point-of-sale explaining the meaning of "Compare At." Plaintiff's more recent statements likely show even more purchases made at these stores (again, Plaintiff has alleged that she made 20 purchases at Stein Mart during the class period).

Plaintiff's credit card statements from the months after the purchases at issue (and after she filed this lawsuit) are also relevant, as they will show whether Plaintiff's shopping habits changed at all since she learned the meaning of "*Compare At." The selected Macy's statements from 2015 and 2016 are inadequate, as they show very few purchases made at stores other than Macy's. Notably, however, those statements show that Plaintiff has purchased many private label items at Macy's since filing this lawsuit. Plaintiff should also be required to produce her March, May, August, and September, 2016 Macy's credit card statements, which are similarly relevant.

There is no privacy right or privilege that prevents Plaintiff from producing these documents, which are reasonably calculated to lead to the discovery of admissible evidence. The Parties have already agreed to a robust Protective Order, which should alleviate any privacy concerns. In *A. Farber and Partners, Inc. v. Garber,* F.R.D. 186, 188 (C.D. Cal. 2006), the responding party raised a privacy objection to document requests seeking documents, primarily bank records, regarding financial transactions. *Id.* at 190. The court stated that "plaintiff's need for defendant Garber's financial documents outweighs defendant Garber's claim of privacy, especially when the impact of the disclosure of the information can be protected by a carefully drafted protective order." *Id.* at 191 (internal quotations omitted); *see also In re Heritage Bond Litigation,* 2004 WL 1970058, *5 n. 12 (C.D.Cal.) ("Any privacy concerns Kaiser defendants have in their bank records and related financial statements are adequately protected by the protective order, and are

not sufficient to prevent production in this matter."); *CEH, Inc., v. FV "Seafarer"*, 153 F.R.D. 491, 499 (D.R.I.1994) ("While a party does have an interest in nondiscolsure and confidentiality in its financial records, this interest can be adequately protected by a protective order."); *In re Yassi,* 225 B.R. 478, 483 (Bankr.C.D.Cal.1998) ("[W]hatever right to privacy Movants may have in the [financial] information sought pursuant to the subpoenas is insufficient to prevent discovery of that information ...."); *Del Campo v. Am. Corrective Counseling Servs., Inc.*, No. C 01-21151 JW, 2008 WL 4858502, at *3 (N.D. Cal. Nov. 10, 2008) (same); *Cory v. George Carden Int'l Circus, Inc.*, No. 4-13-CV-760, 2015 WL 11072152, at *2 (E.D. Tex. Dec. 18, 2015) ("The court does not see how credit card and checking account statements, created by Plaintiff's Bank and Credit Card servicer before being sent to Plaintiff, could fall under the attorney-client privilege.").

Stein Mart has offered that Plaintiff may redact her account numbers from the statements other than the last four digits of each account. Stein Mart has also agreed to allow Plaintiff sign a release to share her account information from the last four years, in lieu of responding to this request. Plaintiff has not responded to either offer.

**PLAINTIFF'S POSITION REGARDING SUFFICIENCY OF RESPONSE**

The demand in issue does not request most of the information Defendant claims it does in its argument for a further response. Nevertheless, Plaintiff produced all responsive documents she had at the time of production and is continuing her efforts to locate additional credit card statements. Plaintiff anticipates producing additional credit card statements from her Nordstrom Visa account.

| | | |
|---|---|---|
| 1 | DATED: December 1, 2016 | SEDGWICK LLP |
| 2 | | By: /s/ *Stephanie Sheridan* * |
| 3 | | Stephanie Sheridan |
| | | Attorneys for Defendant |
| 4 | | STEIN MART, INC. |
| 5 | DATED: December 1, 2016 | DOUGLAS CAIAFA, A PLC |
| 6 | | |
| 7 | | By: /s/ *Douglas Caiafa* |
| | | Douglas Caiafa |
| 8 | | Attorneys for Plaintiff |
| | | MARILYN SPERLING |

10  *I hereby attest pursuant to Local Rule 5-4.3.4 that I obtained concurrence in the
11  filing of the document from the other Signatories prior to filing.