1 | SEDGWICK LLP
2 | STEPHANIE A. SHERIDAN, State Bar No. 135910
stephanie.sheridan@sedgwicklaw.com
3 | ANTHONY J. ANSCOMBE, State Bar No. 135883
anthony.anscombe@sedgwicklaw.com
4 | MEEGAN B. BROOKS, State Bar No. 298570
meegan.brooks@sedgwicklaw.com
5 | 333 Bush Street, 30th Floor
6 | San Francisco, CA 94104-2834
7 | Telephone: 415.781.7900/Facsimile: 415.781.2635

8 | Attorneys for Defendant
9 | STEIN MART, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| MARILYN SPERLING, an individual; individually and on behalf of all others similarly situated, | Case No. 5:15-cv-01411-BRO-KK [DISCOVERY MATTER] |
|---|---|
| PLAINTIFFS, | Assigned to: Judge Beverly Reid O'Connell Referred to: Magistrate Judge Kenly Kiya Kato |
| v. | |
| STEIN MART, INC., | **STEIN MART'S L.R. 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO COMPEL FURTHER DISCOVERY RESPONSES** |
| DEFENDANT. | |
| | Hearing Date: 12/22/16 Time: 10:00 a.m. Courtroom: Riverside, Courtroom 3 or 4 Discovery Cut Off: 9/4/17 Pre-trial Conference: 10/16/2017 Trial Date: 11/14/2017 at 8:30 AM |

Plaintiff's lawsuit rests on her purported belief that the words "*Compare At" on her Stein Mart price tag meant that Stein Mart <u>verifies</u> that a <u>substantial number</u> of other retailers in the "general area" <u>actually sold</u> a <u>substantial number</u> of the <u>exact same</u> product (as opposed to a comparable item). Plaintiff's interpretation of "*Compare At" is, in a word, unbelievable. A critical issue in this case is Plaintiff's own shopping history, and what that shopping history taught her about the meaning of promotional advertising, and which stores offer goods in different price ranges. And yet Plaintiff has refused to provide basic information as to her shopping history, including details of her past purchases at Stein Mart. Plaintiff describes Stein Mart's requests for this information as "pure harassment," but this information is highly relevant. Plaintiff has offered no adequate objection to avoid disclosing it.

**Interrogatory No. 3 (Phone number).** Plaintiff disingenuously claims that the fact that Plaintiff speaks with her daughter on a regular basis would have "no relevance to Plaintiff's understanding of '*Compare At' or as to her adequacy as a class representative." [1] Dkt. 61, at 4. Plaintiff's communications with her daughter is clearly relevant to this case (including to Plaintiff's understanding of "*Compare At" and to her adequacy as a representative), and Plaintiff's phone records are the best, and perhaps only, records showing how frequently they communicate. Plaintiff is a 79-year-old who has been widowed for 27 years, unemployed for at least the last 15 years, who has lived alone for the last 17 years, and who apparently has never had her own email address. If the two spoke immediately before or after the purchases at issue or Plaintiff's communications with counsel, that would suggest that they have discussed this case and that Plaintiff has waived attorney-client privilege.

---

[1] Stein Mart intends to subpoena the records from Plaintiff's service provider, and Plaintiff put the relevancy of the phone records at issue in her response. Defendant requests that this Court decide now whether those records should be produced.

1   Moreover, there has been a considerable amount of chicanery in this wave of

2   deceptive pricing litigation.[2] The fact that Plaintiff and her daughter filed nearly

3   identical suits against several retailers within days of each other suggests that

4   Plaintiff, like the plaintiffs in other cases, was shopping for a lawsuit. If Plaintiff

5   spoke to her daughter immediately before or after—or during—the shopping trips at

6   issue, that would support an inference that her daughter guided her purchases.

7   **Interrogatory No. 9 (Membership/account information).** Plaintiff

8   provided additional information responsive to this request in her portion of the Joint

9   Stipulation and in unredacted credit card statements produced after this Motion was

10   filed, but she has still not provided the dates she opened any of her accounts, or any

11   account information concerning her Kohl's account. Plaintiff does not challenge the

12   relevancy of this request, but instead attempts to evade the request by claiming that

13   she "does not recall" her account numbers or dates of memberships. This

14   information is within her control: the account numbers would be printed on the

15   credit cards themselves, and she could easily request both the account numbers and

16   dates the accounts were opened through the card providers themselves, or by

17   requesting a free credit report online. This information will be crucial to determining

18   whether Plaintiff has produced all of the documents requested.

19   **Interrogatory No. 11 (Stein Mart purchases).** Plaintiff claims to have

20   answered this request "to the best of her recollection," and that she has provided the

21   requested information "only to the extent that she is aware of it or has such

22   information or documentation within her possession, custody or control." (Dkt. 61 at

23

24   [2] *See, e.g., Lucas v. Jos. A. Bank Clothiers.,* 3:14-cv-01631-LAB-JLB (S.D. Cal)

25   (plaintiff falsified bank records to reflect purchases at defendant's store that never
      actually occurred); *Barber v. DSW*, No. 8:15-cv-02024-JGB-SP (C.D. Cal.)

26   (plaintiff voluntarily dismissed case immediately after defendant's motion to

27   dismiss introduced surveillance footage showing plaintiff taking photographs of
      policies at the point-of-sale ("POS"), the POS display screen reflecting her

28   purchase, and around the sales floor.)

Sedgwick

6-7.) This is implausible, given that Plaintiff clearly has some memory of each of her purchases. Indeed, Plaintiff admits that she has made more than 20 purchases during the class period, and remembers the specific purchases well enough to know that they were "all" "made at the La Quinta location" and "comprised primarily of clothing, shoes and luggage." Plaintiff likely still owns many of the items she purchased in recent years. She also "specifically" remembers multiple "purchases" on September 14, 2014, and yet has only disclosed one purchase made on that date (the Peck & Peck pants). Even though she did not claim to have purchased Yellow Box Shoes until her Third Amended Complaint—and thus likely bought the shoes months after filing this lawsuit, when she understood the meaning of "*Compare At"—she does not provide even a general timeframe of her purchase or what the shoes look like (which could help Stein Mart track down the purchase).[3]

The day after Stein Mart filed its Motion to Compel, Plaintiff produced her Nordstrom Visa credit card statements for 2009, 2012-2015, and parts of 2016. These statements only show five Stein Mart purchases—not twenty. None of these purchases were made in November 2014, when Plaintiff claims in the TAC to have purchased the Revelation travel bag (TAC ¶ 148); nor do they reflect any purchase for $49.95, the amount Plaintiff claims to have paid for Yellow Box shoes (*id* ¶ 155). Two the five purchases (40% of the known purchases) were *not* made at the store where Plaintiff claims to have made them. Stein Mart is entitled to information as to Plaintiff's other fifteen purchases.

Plaintiff may not stonewall Defendant using the bare allegation that she answered "to the best of her recollection." Rather, she "must provide true, explicit, responsive, complete, and candid answers to interrogatories." *Wolk v. Green,* 2008

---

[3] Although brand-name items such as the Yellow Box shoes cannot be the basis for Plaintiff's lawsuit (*see* Stein Mart's Motion for a Protective Order, Dkt. 62, information about Plaintiff's past purchases is directly relevant to how she interpreted "*Compare At" during her Peck & Peck purchase, and whether the "*Compare At" price was material to her.

Sedgwick

WL 298757, at *1 (N.D. Cal. Feb. 1, 2008) (quoting *Hansel v. Shell Oil Corp.,* 169 F.R.D. 303, 305 (E.D.Pa.1996).) "Discovery is not limited to that information which one easily recalls from memory. The burden in responding to discovery is greater than that and [Plaintiff] is required to make a *reasonable* effort to respond." *Noble v. Gonzalez,* 2013 WL 4517774, at *14 (E.D. Cal. Aug. 26, 2013). "If a party is unable to supply the requested information, the party may not simply refuse to answer. . . [she] must state under oath that [she] is unable to provide the information and must describe the efforts [she] used to obtain the information." *Bryant v. Armstrong*, 285 F.R.D. 596, 612 (S.D. Cal. 2012) (citations omitted); *see also* 7 James Wm. Moore, et al., *Moore's Federal Practice,* § 33.102[3], at 33-75.

Here, Plaintiff fails to explain what efforts, if any, she made to determine the products she has purchased from Stein Mart. She admits to knowing what products she purchased, and likely still owns many of them—she is required to describe these products in detail and to provide, to the best of her ability, at least an estimate of when she made each purchase, and the amount she paid. Additionally, to the extent Plaintiff's credit card statements that have not yet been produced to reflect any Stein Mart information, that transaction information must be disclosed.

**Request for Production No. 9 (Credit card statements).**  After Stein Mart filed its Motion, Plaintiff produced many of the requested Nordstrom credit card statements, and unredacted copies of the same Macy's statements previously produced. Plaintiff has still, however, not provided her Nordstrom statements from January or February 2016; Macy's statements from before 2015, or for March, May, August, or September, 2016; or any statements for her Kohl's credit card.

Plaintiff's shopping history is highly relevant to Plaintiff's case, which depends entirely on her claim to have been deceived by the meaning of "*Compare At.*" Plaintiff's credit card statements will provide an accurate picture of Plaintiff's shopping habits. Especially given that Plaintiff admits to having trouble remembering recent purchases (*see* ROG 11, above), misremembered the location of

1  many of her purchases, and has even brought claims based on her inaccurate
2  memories (*see* Complaint, Dkt. 1, claiming to purchase Revelation Bag on
3  September 14, 2014), her credit card statements are the only way for Stein Mart to
4  gain a reliable understanding of when and where Plaintiff spends money.

5      These documents are not privileged or protected under the work-product
6  doctrine, as they were produced by a third party. *See Cory v. George Carden Int'l*
7  *Circus, Inc.*, 2015 WL 11072152, at *2 (E.D. Tex. Dec. 18, 2015). Nor do privacy
8  concerns prevent their production, as any such concerns would be protected by the
9  robust protective order already in place. *See A. Farber and Partners, Inc. v. Garber,*
10 F.R.D. 186, 188 (C.D. Cal. 2006). The request is also not overbroad, but rather is
11 narrowly tailored to cover Plaintiff's credit card purchases during the class period,
12 which took place in the years immediately before and after the purchases at issue.

13     Plaintiff attempts to avoid her discovery obligations by making unsupported
14 excuses about not having the requested information at her fingertips. *See* Dkt. 61, at
15 11 ("Plaintiff produced all responsive documents she had at the time of
16 production.") "However, parties are not only required to produce items they possess,
17 but those within their control as well." *See Landini v. FIA Card Servs., Nat'l Ass'n*,
18 2014 WL 587520, at *3 (N.D. Cal. Feb. 14, 2014) (citing Fed.R.Civ.P. 34(a)(1)).
19 "Control is defined as the legal right to obtain documents on demand." *U.S. v.*
20 *Internat'l Union of Petroleum and Indus. Workers,* 870 F.2d 1450, 1452 (9th
21 Cir.1989) (citing *Searock v. Stripling,* 736 F.2d 650, 653 (11th Cir.1984)).

22     Plaintiff is able to obtain her credit card statements upon demand—indeed,
23 most credit card companies make their statements easily accessible online.
24 Alternatively, Stein Mart agreed that rather than procuring the statements herself,
25 Plaintiff could authorize Stein Mart to obtain the statements. The statements are thus
26 within her control, and Plaintiff has a duty to obtain and produce them.

27     Finally, Plaintiff cannot satisfy her discovery burdens by cherry picking
28 statements from "various time periods" (Dkt. 61, at 8) or selectively omitting certain

1 statements (as she has done with her 2016 Macy's and Nordstrom statements). She

2 must produce all of the statements requested.

3

4 DATED: December 8, 2016                    SEDGWICK LLP

5                                           By: /s/ *Stephanie Sheridan*

6                                               Stephanie Sheridan
                                                Attorneys for Defendant
7                                               STEIN MART, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUPPLEMENTAL MEMORANDUM ISO MOTION TO COMPEL FURTHER DISCOVERY RESPONSES