UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 15-1411-BRO (KKx)** | Date: | January 10, 2017 |
| Title: | ***Marilyn Sperling v. Stein Mart, Inc., et al.*** | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Granting Defendant's Motion to Compel [Dkt. 60] and Denying Defendant's Motion for Protective Order [Dkt. 62]

On December 1, 2016, Defendant Stein Mart, Inc. ("Defendant") filed (1) a Motion to Compel Plaintiff Marilyn Sperling ("Plaintiff") to provide supplemental responses to Interrogatory Nos. 3, 9, and 11 and Request for Production No. 9 ("Motion to Compel") (ECF Docket No. ("dkt.") 60, MTC; dkt. 61, Joint Stipulation ("JS")); and (2) a Motion for Protective Order limiting the scope of discovery ("Motion for Protective Order") (dkt. 62, MPO; dkt. 63, Protective Order Joint Stipulation ("PO JS")).  For the reasons set forth below, the Court GRANTS Defendant's Motion to Compel and DENIES Defendant's Motion for Protective Order.

I.
**BACKGROUND**

On July 15, 2015, Plaintiff filed a putative class action Complaint on behalf of herself as well as other persons similarly situated, i.e., all persons who purchased items from Stein Mart's California stores after July 15, 2011, that had price tags containing a "Compare At" price. Dkt. 1, Compl.

On September 20, 2015, Plaintiff filed a First Amended Complaint.  Dkt. 17.  On November 10, 2015, Plaintiff filed a Second Amended Complaint ("SAC").  Dkt. 26.  On

January 26, 2016, the Court granted Defendant's Motion to Dismiss the SAC with leave to amend.  Dkt. 35.

On February 1, 2016, Plaintiff filed a Third Amended Complaint ("TAC").  Dkt. 36.  The TAC alleges five causes of action against Defendant: three claims under California Business and Professions Code, section 17200 et seq. (California's Unfair Competition Law or "UCL"), one cause of action under California Business and Professions Code, section 17500 et seq. (California's False Advertising Law or "FAL"), and a claim under California Civil Code, section 1750 et seq. (California's Consumer Legal Remedies Act or "CLRA").  TAC, ¶¶ 185–230.  Plaintiff alleges the "Compare At" pricing is misleading and deceptive.  TAC, ¶ 78.  On March 15, 2016, the Court denied Defendant's Motion to Dismiss the TAC.  Dkt. 37.

On June 7, 2016, Defendant served Interrogatories and Requests for Production on Plaintiff.  JS at 2.  On August 1, 2016, Plaintiff served responses to the Interrogatories and Requests for Production.  Id.

On August 26, 2016, Defendant's counsel sent Plaintiff's counsel a letter to meet and confer regarding Plaintiff's responses.  Id.  On September 8, 2016, the parties met and conferred telephonically regarding both the Motion to Compel and the Motion for Protective Order.  Id.; Dkt. 63-1, Declaration of Stephanie Sheridan in support of Motion for Protective Order ("Sheridan Decl."), ¶ 2.  On September 21, 2016, Defendant's counsel sent Plaintiff's counsel follow-up correspondence.  JS at 2.  On October 7, 2016, Plaintiff served supplemental responses.  Id.

On December 1, 2016, Defendant filed the instant Motion to Compel and Motion for Protective Order.  Dkts. 60-63.  On December 8, 2016, Defendant filed supplemental briefs in support of both motions.  Dkts. 64-65.

## II.
## LEGAL STANDARD

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).  Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); Goes Int'l, AB v. Dodur Ltd., No. 14-CV-05666-LB, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case"); Razo v. Timec Co., Inc., No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016) (same).  Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to

employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id.

"On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper – especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (citations omitted) (faulting defendant for making "boilerplate objections to almost every single request for production, including broad relevancy objections, objections of 'overly burdensome and harassing,' 'assumes facts not in evidence,' privacy, and attorney-client privilege/work product protection").

"A party seeking discovery may move for an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

## III.
## DISCUSSION

A.  MOTION TO COMPEL

In the Motion to Compel, Defendant seeks supplemental responses to Interrogatory Nos. 3, 9, and 11 and a supplemental response to Request for Production No. 9. Dkt. 61.

1. Interrogatory No. 3

    a. Defendant's Request

"Identify all ISPs (Internet Service Providers), email accounts, Internet Protocol (IP) addresses, and phone numbers you have used in the last six years." JS at 3.

    b. Plaintiff's Responses

Plaintiff objected on the basis of privacy, but responded that Plaintiff could be contacted through counsel. Id. Plaintiff's supplemental response was "none." Id. Through meet and confer discussions, Plaintiff's counsel clarified that Plaintiff has not used anything except a telephone number in the last six years. Id.

    c. Analysis

Defendant argues the phone number is relevant because it is basic background info that would show any communications with Stein Mart and the time and frequency of communications with Plaintiff's daughter.[1] Id. at 4. Defendant explains communications with Plaintiff's daughter "could be relevant" to Plaintiff's understanding of the term "Compare At." Id. Defendant also argues the phone number is relevant to match Plaintiff with the Marilyn Sperling in Stein Mart's loyalty program records. Id. Plaintiff argues the phone number is not relevant because the frequency of the communications is not relevant to Plaintiff's understanding of the term "Compare At." Id.

Plaintiff admits the response "none" is inaccurate, because she does use a telephone. JS at 3. Therefore, Plaintiff must supplement her response. See Fed. R. Civ. P. 26(e)(1) (A party who has responded to an interrogatory must correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."). Moreover, the phone number is relevant because it may lead to evidence regarding Defendant's defense and Plaintiff has failed to proffer any burden or expense outweighing the likely benefit. Fed. R. Civ. P. 26(b)(1). Hence, the Court grants Defendant's Motion to Compel a supplemental response to Interrogatory No. 3. Plaintiff is required to clarify her answer and provide her phone number.

---

[1] Defendant argues in supplemental briefing that the timing of the conversations would also indicate whether Plaintiff destroyed the attorney client privilege by discussing the case with her daughter and whether her daughter was directing Plaintiff's purchases. Dkt. 64 at 1-2. Defendant further argues this case is part of a "wave" of deceptive pricing litigation where the plaintiffs have been less than honest. Id. at 2. However, Defendant has offered no reason for the Court to suspect Plaintiff in this case.

    **2.**    **Interrogatory No. 9**

        **a.**    **Defendant's Request**

"Identify all retailers with whom you have, in the last six years, been a member of a rewards program or loyalty program, had a store credit or debit card, or been enrolled in the retailer's mail or email list (together, 'memberships'); the dates of any such memberships; and any user or account numbers associated with such memberships." JS at 4-5.

        **b.**    **Plaintiff's Responses**

Plaintiff does not state any specific objections and responds "to the best of her recollection: Macy's (credit card), Nordstrom (credit card & rewards program), Kohl's (credit card)." Id. at 5.

Plaintiff supplemented her response by stating she "was able to locate credit card statements from Macy's and Nordstrom's Visa during various time periods, redacted copies of which will be marked 'Confidential' and produced." Id.

        **c.**    **Analysis**

Defendant argues Plaintiff's loyalty membership and credit card information is relevant to establishing Plaintiff's shopping habits, which have been put in issue in this case. Id. Plaintiff has provided some, but not all of the information. Dkt. 64 at 2. She has identified some of the retailers, but has not provided account numbers or enrollment dates. Id. Plaintiff says she is unable to recall the information. JS at 6. However, this is information that is within Plaintiff's control. Responses to interrogatories "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Hash v. Cate, No. C 08-03729 MMC (DMR), 2012 WL 6043966, at *2 (N.D. Cal. Dec. 5, 2012); see also Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested). Therefore, Defendant's Motion to Compel a supplemental response to Interrogatory No. 9 is granted.

    **3.**    **Interrogatory No. 11**

        **a.**    **Defendant's Request**

"For every item you have ever purchased at Stein Mart and every instance where you have purchased that product, identify the date of purchase, store location, product name, brand name, SKU number, '*Compare At' price, ticket price, any additional discounts or coupons that

applied, method of payment (if credit card, state the credit card number), and description of the product." JS at 6.

### b. Plaintiff's Response

Plaintiff does not state any specific objections and responds as follows:

All of Responding Party's purchases at Stein Mart, to the best of her recollection, were made at the La Quinta location and she believes she has purchased items from the Defendant on approximately 20 occasions comprised primarily of clothing, shoes and luggage. Responding Party recalls purchases specifically on September 14, 2014. She either paid cash or her Visa Card for these purchases. See, Third Amended Complaint- paragraph nos. 138-155 which describe in detail several of plaintiffs purchases.

Id. Plaintiff did not supplement this response. Id.

### c. Analysis

The information regarding Plaintiff's purchases at Stein Mart are central to this case and therefore highly relevant. Plaintiff's response "to the best of her recollection" is insufficient. Responses to interrogatories "must be complete, explicit and responsive. If a party cannot furnish details, he should say so under oath, say why and set forth the efforts he used to obtain the information. He cannot plead ignorance to information that is from sources within his control." Hash, 2012 WL 6043966, at *2; see also Garcia, 2012 WL 2119157, at *10 (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry have been made in an effort to locate the documents requested). A diligent search and reasonable inquiry in this case would include at a minimum a thorough review of Plaintiff's credit card records and Stein Mart receipts. Therefore, Defendant's Motion to Compel a supplemental response to Interrogatory No. 11 is granted.

## 4. Request for Production No. 9

### a. Defendant's Request

"A copy of each of YOUR credit card statements from the last four years for any credit card YOU held at any point during that period." JS at 7.

### b. Plaintiff's Response

Plaintiff objects to the Request for Production on the following grounds:

>> (1) it is over broad, burdensome, oppressive, overly intrusive and harassing, and complying with it would cause Plaintiff undue annoyance; (2) it encompasses documents, the production of which would violate Plaintiffs right to privacy and/or the privacy rights of third parties; (3) it encompasses documents which are neither relevant; admissible, nor reasonably calculated to lead to the discovery of admissible evidence; ( 4) it encompasses documents which are protected from disclosure by the attorney work-product doctrine as specified in *Nacht & Lewis Architects, Inc. v. Superior-Court of Sacramento County* (1996) 47 Cal. App.4th 214; (5) it seeks documents which are equally available to the Defendant and/or are within the exclusive possession, custody or control of the Defendant; (6) it seeks documents which are obtainable by Defendant from some other source which is more convenient, less burdensome, and/or less expensive; (7) it encompasses documents which are protected from disclosure by the attorney-client privilege; and, (8) it is compound.

Id. at 8.  Plaintiff then states she will produce redacted credit card statements that relate to any of her purchases at Stein Mart during the class period.  Id.  Plaintiff's supplemental response states she will produce additional credit card statements that she was able to locate.  Id.

   **c. Analysis**

Defendant argues "Plaintiff has put her shopping habits at issue by claiming that she was deceived by '*Compare At,' and that she would not have purchased the products at issue absent that representation."  Id. at 9.  The Court agrees Plaintiff's shopping habits are relevant to the claims and defenses in this action.  See Fed. R. Civ. P. 26(b)(1).  Plaintiff argues she produced "all responsive documents she had at the time of production and is continuing her efforts to locate additional credit card statements."  JS at 11.  To the extent there is any confusion regarding the meaning of "possession, custody, or control," a document is currently in Plaintiff's control if he has a legal right to obtain it from third parties.  Bryant v. Armstrong, 285 F.R.D. 596, 603 (S.D. Cal. 2012) ("The term 'control' is broadly construed, and it includes documents that the responding party has the legal right to obtain from third parties.").  Plaintiff's production appears deficient on its face, and Plaintiff has not explained what efforts she took to locate all documents within her control.  See Hash, 2012 WL 6043966, at *2; Garcia, 2012 WL 2119157, at *10.  Therefore, Plaintiff's production of credit card statements from various, sporadic months that she happened to keep, does not satisfy her obligation to produce all documents in her possession, custody, or control.  Hence, Defendant's Motion to Compel a supplemental response to Request for Production No. 9 is granted.

**B. MOTION FOR PROTECTIVE ORDER**

In the Motion for Protective Order, Defendant seeks to limit the scope of discovery to information regarding private label merchandise.  PO JS at 1.  Defendant argues only Plaintiff's claim involving private label merchandise survived Defendant's Motion to Dismiss the TAC

because there were no new allegations in the TAC regarding nationally branded merchandise. Id. at 3.

Defendant's characterization of the SAC, TAC, and the Court's Order denying Defendant's Motion to Dismiss the TAC is not accurate. The SAC set forth three claims under California's Unfair Competition Law, one cause of action under California's False Advertising Law, and a claim under California's Consumer Legal Remedies Act, based on Plaintiff's allegation she was misled by the "Compare At" label when she purchased certain nationally branded merchandise from Defendant. SAC. The Court granted Defendant's Motion to Dismiss the SAC because (a) the Court found "Plaintiff's belief that 'Compare At' price only referred to the same – rather than comparable – products" was not plausible; and (b) Plaintiff failed to plead with particularity that other retail stores did not sell identical products at the "Compare At" price. Dkt. 35. The TAC again set forth three claims under California's Unfair Competition Law, one cause of action under California's False Advertising Law, and a claim under California's Consumer Legal Remedies Act. However, in the TAC, Plaintiff states she purchased private label merchandise in addition to the nationally branded merchandise and was misled each time by the "Compare At" label. TAC. The Court denied Defendant's Motion to Dismiss the TAC because (a) Plaintiff corrected the implausibility of Plaintiff's belief regarding the "Compare At" price by further alleging the asterisk on the label was insufficient to direct a reasonable consumer to go online or search in store for a sign disclosing the "Compare At" policy, see Dkt. 41 at 7; and (b) Plaintiff pled with sufficient particularity that no other retailer sells the private label merchandise, thus rendering the "Compare At" label misleading as to all products, id. at 10.

Therefore, there is no basis for limiting discovery to private label merchandise at this time. Hence, Defendant's Motion for Protective Order is denied without prejudice.

## IV.
## CONCLUSION

Based upon the foregoing reasons, **IT IS THEREFORE ORDERED** that:

(1)    Defendant's Motion to Compel is **GRANTED**.

(2)    ***Within fourteen (14) days of the date of this Order***, Plaintiff shall provide the following to Defendant:

    (a) Supplemental responses to Interrogatory Nos. 3, 9, and 11; and a

    (b) Supplemental response to Request for Production No. 9;

(3)    Defendant's Motion for Protective Order is **DENIED** without prejudice.