| | |
|---|---|
| 1 | SEDGWICK LLP |
| 2 | STEPHANIE A. SHERIDAN, State Bar No. 135910 |
|   | stephanie.sheridan@sedgwicklaw.com |
| 3 | ANTHONY J. ANSCOMBE, State Bar No. 135883 |
|   | anthony.anscombe@sedgwicklaw.com |
| 4 | MEEGAN B. BROOKS, State Bar No. 298570 |
|   | meegan.brooks@sedgwicklaw.com |
| 5 | 333 Bush Street, 30th Floor |
| 6 | San Francisco, CA 94104-2834 |
| 7 | Telephone: 415.781.7900/Facsimile: 415.781.2635 |
| 8 | Attorneys for Defendant |
| 9 | STEIN MART, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARILYN SPERLING, an individual; individually and on behalf of all others similarly situated, <br><br> PLAINTIFFS, <br><br> v. <br><br> STEIN MART, INC., <br><br> DEFENDANT. | Case No. 5:15-cv-01411-BRO-KK <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION FOR REVIEW AND RECONSIDERATION OF MAGISTRATE JUDGE KATO'S ORDER DENYING MOTION FOR PROTECTIVE ORDER; FRCP 72(a) OBJECTIONS** <br><br> Judge: Beverly Reid O'Connell <br> Mag. Judge: Kenly Kiya Kato <br><br> Date:        February 27, 2017 <br> Time:        1:30 p.m. <br> Courtroom:  7C – First Street |

**TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE: on February 27, 2017, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7C of the above-entitled Court, at 350 West 1st Street, Los Angeles, CA. 90012, Defendant Stein Mart, Inc. ("Stein Mart") will and hereby does move this Court to reconsider and review Magistrate Judge Kenly Kiya Kato's Order entered on January 10, 2017, denying Stein Mart's Motion for Protective Order. (ECF #73.)

This motion is made pursuant to Section 4 of this Court's Standing Orders, Rule 72(a) of the Federal Rules of Civil Procedure, Rules 72-2.1 of the Local Rules for the Central District of California, and other appropriate federal statutes and case law.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support of the Motion, the records and pleadings on file in this matter, and such other evidence and argument that the Court may permit.

The parties met and conferred telephonically regarding Stein Mart's Motion for Protective Order on September 8, 2016. (ECF #63-1, Declaration of Stephanie Sheridan in support of Motion for Protective Order, ¶ 2.)

DATED: January 17, 2017            SEDGWICK LLP

By: /s/ *Stephanie Sheridan*
     Stephanie Sheridan
     Anthony Anscombe
     Meegan Brooks
     Attorneys for Defendant
     STEIN MART, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pursuant to Section 4 of this Court's Standing Orders, Rule 72(a) of the Federal Rules of Civil Procedure, and Local Rule 72-2.1, Stein Mart, Inc. ("Stein Mart") respectfully requests this Court review and reconsider Magistrate Judge Kenly Kiya Kato's Order ("Order" ECF #73) denying Stein Mart's Motion for Protective Order (ECF #62), filed January 10, 2017.

Magistrate Judge Kato's Order was clearly erroneous and contrary to law, and should be reversed for at least two reasons:

First, the Order erred by finding that Plaintiff's Third Amended Complaint (TAC, ECF #36) stated a claim as to "all products" sold by Stein Mart, when it only stated a claim with regard to Stein Mart's <u>private label</u> merchandise on a theory inapplicable to brand name products.[1]  As to Stein Mart's brand-name merchandise, the TAC copied verbatim allegations from the Second Amended Complaint (SAC, ECF #26), which this Court found deficient when it dismissed the Second Amended Complaint.

Second, the Order erred to the extent Magistrate Judge Kato found that this Court's holding as to the adequacy of Stein Mart's Fair Pricing Policy ("Policy")—which defines "*Compare At" and is posted online and at every point-of-sale, and referenced on every price tag—provides an independent basis for allowing discovery as to all products.  While Stein Mart's Policy formed part of the basis for the Court's dismissal of the SAC, the presence or absence of these disclosures is irrelevant to whether Plaintiff has stated a claim as to brand-name merchandise.  Indeed, even if Stein Mart had not made *any* disclosure as to the meaning of

---

[1] Plaintiff's deadline to file for class certification was Monday, January 9, 2017, (ECF #54), but Plaintiff failed to file her motion by the deadline, nor has she sought any relief with the Court for missing that deadline.

"Compare At," Plaintiff would not be able to state a claim absent factual support for her claim that Stein Mart's "Compare At" prices are false or deceptive.

Stein Mart respectfully requests that the Court reverse Magistrate Judge Kato's Order and enter a Protective Order on behalf of Stein Mart to preclude discovery relating to Stein Mart's brand-name products.

## II.  PLAINTIFF'S ALLEGATIONS

This case arises from Plaintiff's claim that Stein Mart "dupe[s]" consumers by advertising "Compare At" prices on its merchandise that are not "not true, bona fide, or properly substantiated comparative prices." (*See* ECF #36, TAC at ¶7.)

Plaintiff's SAC was based on Plaintiff's purchases of: (1) a pair of Peck & Peck Petite Ava Pants; (2) a Revelation travel bag; and (3) a pair of Yellow Box sandals.[2] (*See* SAC at ¶¶ 133-134, 141.) Stein Mart moved to dismiss the SAC, contending, *inter alia*, that Plaintiff failed to satisfy Rule 9(b), because she did not allege any facts to support her claim that the "Compare At" prices on her purchases were inaccurate or deceptive. (*See* ECF #28 at pp. 11-13.) Stein Mart also argued that reasonable consumers could not be deceived by "Compare At" because Stein Mart defined the term in its "Fair Pricing Policy," which is posted online and at every point-of-sale. Each Stein Mart price tag also includes an asterisk next to the phrase "Compare At," followed by a disclosure advising customers to "See Stein Mart's Fair Pricing Policy at Steinmart.com or in store."

On January 26, 2016, the Court granted Stein Mart's Motion to Dismiss the SAC. (*See* ECF #35.) The Court held, *inter alia*, that the allegations of the SAC were not pled with the particularity required under FRCP 9(b), noting, as one

---

[2] Magistrate Judge Kato's Order states that in the SAC, Plaintiff only claimed to have purchased "certain nationally branded merchandise," and that in the TAC, she claimed to have purchased "purchased private label merchandise in addition to the nationally branded merchandise." (Order, ECF #73, at 8.) However, the same three products were at issue in both the SAC and TAC. *See* ECF #26, ¶¶ 133-141; #36, ¶¶ 139-155.

example, that the SAC failed to "allege with particularity **that other retail stores did not sell identical products at 'Compare At' references prices…[and] thus fails to allege how the 'Compare At' price is false or misleading**…." (*See id*. at p. 15 (emphasis added).)  The Court also described as "implausible" Plaintiff's claim that the phrase "Compare At" was "unqualified" on each price tag, given the asterisk and disclosure on each tag. (*Id*. at pp. 12-13.)

Plaintiff's Third Amended Complaint, filed February 1, 2016, repeated much of the SAC verbatim.  Indeed, "The Court agrees with Defendant that Plaintiff's 'TAC quotes the SAC almost verbatim, making few changes.'" (*See* ECF #41.)  As to Plaintiff's name brand purchases – *i.e*., the Revelation travel bag and Yellow Box sandals – the TAC's claims were identical to those in the SAC.

The only substantive change in the TAC relating to Plaintiff's purchases was in regard to the Peck & Peck pants.  With regard to the pants, the TAC alleges that the "Compare At" price must be false, because the Peck & Peck clothing line is exclusive to Stein Mart; thus, other retailers could not sell the identical item for the "Compare At" price. (*Compare* SAC ¶133 with TAC ¶¶140-144.)  Stein Mart again moved to dismiss, arguing, *inter alia*, that the TAC's new allegations as to the Peck & Peck pants were not enough for Plaintiff to meet her pleading burden. ("Rule 9 argument," ECF #37, pp. 10-13.)  Stein Mart further argued that even if Plaintiff adequately alleged that the pricing on her purchases did not meet her expectations, she could still not state a claim, because Stein Mart disclosed the meaning of "Compare At" in its "Fair Pricing Policy," which was referenced on every "Compare At" price tag. ("Disclosure argument," ECF #37, pp. 14-15.)

This Court denied Stein Mart's Motion to Dismiss the TAC. (*See* ECF #41.)  This Court explained that although "the SAC [did] not allege with particularity that other retail stores did not sell identical products at the 'Compare At' price… The TAC provides *an* allegation to correct this deficiency." (*Id.* at p. 9 (internal quotations omitted, emphasis added).)  That *one* new allegation that the Court

found made the difference was that "Plaintiff asserts that Defendant is the exclusive retailer of Peck & Peck pants, and 'no retailer other than Defendant sells or has sold Peck & Peck pants at the 'Compare At' price advertised by Defendant or at any other price.'" (*Id*.)  As to Stein Mart's disclosure argument, the Court found that Stein Mart's reference to the pricing policy on each price tag did not prevent Plaintiff from stating a claim, because Plaintiff had alleged that "the asterisk does not serve to adequately disclose to consumers that comparisons are being made to non-identical items." (*Id*. at 7.)

### III.   PROCEDURAL HISTORY

On December 1, 2016 Stein Mart filed a Motion for a Protective Order, seeking to limit the scope of discovery to Stein Mart private label merchandise. (ECF #62-63.)  The motion was based on the premise that "Plaintiff has never pled facts to support an assertion that Stein Mart's 'Compare At' prices for items sold by other retailers are false.  Without valid allegations to this effect, she has no entitlement to conduct discovery in this area." (ECF #63, at p. 5.)  In Plaintiff's portion of the Parties' L.R. 37-2.1 Joint Stipulation, Plaintiff argued that discovery should not be limited to private label items because the TAC included allegations that all Stein Mart price tags are deceptive, and because this Court denied Stein Mart's Motion to Dismiss the TAC.  Plaintiff claimed that this Court's order dismissing the SAC—including its holding that Plaintiff's allegations as to the Revelation bag and Yellow Box shoes were deficient—was of "little relevance." (ECF #63 at p. 4.)

Stein Mart filed a Supplemental Memorandum in support of its Motion on December 8, 2016.  (ECF #65.)  Plaintiff did not file a Supplemental Memorandum in opposition to Stein Mart's Motion.

On January 10, 2017, Magistrate Judge Kato issued an order denying Stein Mart's Motion for a Protective Order.  (ECF #73.)  The relevant portion of Judge Kato's Order stated:

> The Court denied Defendant's Motion to Dismiss the TAC because (a) Plaintiff corrected the implausibility of Plaintiff's belief regarding the "Compare At" price by further alleging the asterisk on the label was insufficient to direct a reasonable consumer to go online or search in store for a sign disclosing the "Compare At" policy, *see* Dkt. 41 at 7; and (b) Plaintiff pled with sufficient particularity that no other retailer sells the private label merchandise, thus rendering the "Compare At" label misleading as to all products, *id.* at 10. [¶] Therefore, there is no basis for limiting discovery to private label merchandise at this time.

Magistrate Judge Kato's Order summarized this Court's orders as to both of Stein Mart's Motions to Dismiss, but did not explain why her reading of those orders supported a denial of Stein Mart's Motion for a Protective Order. For example, her Order did not explain how this Court's holding that "Plaintiff pled with sufficient particularity that no other retailer sells the private label merchandise" meant that Plaintiff satisfied her pleading burden as to "all products." Nor did her Order explain how this Court's holding as to Stein Mart's disclosure argument was relevant to whether discovery should include brand-name items.

### A. Decisions by a Magistrate Judge Are Subject to Review by the District Court

A district court's review of the decision of a magistrate judge is governed by 28 U.S.C. § 636(b)(1), which provides:

> Notwithstanding any provision of law to the contrary – (A) a judge may designate a magistrate to hear and determine any pretrial matter pending before the court . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72 requires that a district court must consider any timely objections within 14 days of being served with the magistrate judge's order. Fed. R. Civ. P. 72(a); L.R. 72- 2.1.

The application of the "clearly erroneous or contrary to law" standard depends on whether the decision is factual or legal in nature: "The clearly

erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed *de novo*." *Dang v. Cross*, No. CV 13001 GAF (RZX), 2002 WL 432197, at *1 (C.D. Cal. 2002).

Stein Mart asks the Court to reconsider Magistrate Judge Kato's legal conclusion. Thus, the "non-deferential, de novo standard" applies. *United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir. 1984), overruled on other grounds, *Estate of Merchant v. C.I.R.*, 947 F.2d 1390 (9th Cir.1991). Regardless, however, reversal is also proper under the stricter "clearly erroneous" standard.

### B. Information About "Brand-Name" Merchandise Exceeds the Scope of Discovery

#### 1. The scope of discovery is shaped by the pleadings

A district court "has the authority to confine discovery to the claims and defenses asserted in the pleadings" and define the actual scope of discovery to the reasonable needs of the action. *See* Notes of the Advisory Committee (2000), Fed.R.Civ.P. 26(b)(1). Rules 8 and 9 of the Federal Rules of Civil Procedure both require plaintiffs to state enough factual support for a given claim to justify discovery into that issue. *See Bell Atlantic v. Twombly*, 550 U.S. 544, at 556 (2007) (To satisfy Rule 8, the pleading must state "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the misconduct alleged]"); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (Rule 9(b) serves "to deter the filing of complaints as a pretext for the discovery of unknown wrongs . . . and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.") (quoting In re Stac Elec. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996)).

Courts have found discovery requests to be overbroad where those requests relate to claims that have been dismissed, but not to the operative pleadings. *See,*

*e.g. Coppola v. Smith*, No. 1:11-CV1257-AWI-BAM, 2015 WL 1537574, at *3 (E.D. Cal. Apr. 6, 2015) (denying plaintiff's motion to compel because the "scope of [plaintiff's] discovery requests are overbroad and should be contained to the theory of liability defined by the pleadings and the Court's prior Orders of dismissal."); *see also Profil Institut Fur Stoffwechselforschung GbmH v. Profil Inst. for Clinical Research*, No. 16CV2762-LAB (BLM), 2016 WL 7325466, at *4 (S.D. Cal. Dec. 16, 2016) ("The Court's resolution of the pending Motion to Dismiss will significantly impact the scope and permissibility of any discovery."); *Guillot v. Day*, 95 F.3d 1147 (5th Cir. 1996) ("Before addressing the scope of the discovery order, we must first consider whether [plaintiff's] pleadings assert facts which, if true, would overcome the defense of qualified immunity. If the complaint falls short of this heightened pleading standard, the magistrate judge should rule on the pending motion before any discovery is allowed.").

### 2. Discovery into brand-name merchandise is overbroad, as this Court has expressly found that Plaintiff's claims as to brand-name items do not satisfy Rules 8 or 9

Here, Plaintiff has never pled facts to support an assertion that Stein Mart's "Compare At" prices for items sold by other retailers are false. Without valid allegations to this effect, she has no entitlement to conduct discovery in this area.

Plaintiff stated a claim as to the Peck & Peck pants based on a theory that "Defendant is the exclusive retailer of Peck & Peck pants, and 'no retailer other than Defendant sells or has sold Peck & Peck pants.'" (ECF #41, at p. 9.) Plaintiff did not bring the same theory as to the Revelation travel bag or Yellow Box shoes, because she could not—Revelation and Yellow Box are national, name brands, not exclusive to Stein Mart. Nor has Plaintiff stated a claim as to brand-name items based on any other theory.

In its order granting Stein Mart's Motion to Dismiss the SAC, this Court found that Plaintiff did not adequately allege that "other retail stores did not sell identical products at 'Compare At' prices," and "fail[ed] to allege how the

'Compare At' price is false or misleading." (ECF #35, at p. 15.) This Court has recognized that the TAC's allegations about the Revelation bag and Yellow Box shoes are identical to those in the SAC. (*See* ECF #41, at pp. 7 ("The Court agrees with Defendant that Plaintiff's 'TAC quotes the SAC almost verbatim, making few changes.'"); 9 ("The TAC provides *an* allegation to correct [the SAC's pleading] deficiency; Plaintiff asserts that Defendant is the exclusive retailer of Peck & Peck pants…") (emphasis added).)

Plaintiff has not identified any facts to support an inference that the "Compare At" prices on the brand-name items she purchased were fictitious. She has not stated a claim as to those products, or any other brand-name products sold by Stein Mart. The fact that she has stated a claim as to one private label product, based on a theory that cannot be applied to brand-name merchandise, does not open the door for Plaintiff to seek discovery as to all products.

### C. The Adequacy of Stein Mart's Disclosure is Irrelevant to Stein Mart's Motion for Protective Order

Magistrate Judge Kato also erred by considering the adequacy of Stein Mart's "Fair Pricing Policy" disclosure, when determining if this case should be limited to private label items. Her Order discusses this Court's holdings as to Stein Mart's disclosure arguments in both the Motions to Dismiss the SAC and TAC, and suggests that those holdings support a denial of Stein Mart's Motion for a Protective Order. *See* ECF #73 at p. 8 ("The Court denied Defendant's Motion to Dismiss the TAC because (a) Plaintiff corrected the implausibility of Plaintiff's belief regarding the 'Compare At' price by further alleging the asterisk on the label was insufficient … [¶] Therefore, there is no basis for limiting discovery to private label merchandise at this time.")

Although Stein Mart's disclosure argument presented a second basis on which this Court could have dismissed the TAC, this Court's rejection of that argument did not, in itself, mean that Plaintiff had stated a claim to all products—

the Court could have still granted the Motion to Dismiss the TAC based on Stein Mart's Rule 9 argument. Indeed, if Plaintiff failed to allege that the "Compare At" pricing was deceptive, then there would be nothing to disclose.

## IV. CONCLUSION

For the foregoing reasons, Stein Mart respectfully requests that the Court reverse Magistrate Judge Kato's decision denying Stein Mart's motion for a protective order.

DATED: January 17, 2017              SEDGWICK LLP

                                     By: /s/ *Stephanie Sheridan*
                                         Stephanie Sheridan
                                         Attorneys for Defendant
                                         STEIN MART, INC.